MINUTE ENTRY
WILKINSON, M. J.
AUGUST 4, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHELE A. BRADLEY | CIVIL ACTION |
| VERSUS | NO. 10-68 |
| LOUISIANA AIR NATIONAL GUARD ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## HEARING AND ORDER ON MOTIONS

APPEARANCES: Wesley Levesque, representing plaintiff; Jennifer A. Fiore, representing defendant State of Louisiana

MOTIONS: (1) Defendant's (Louisiana etc.) Motion to Dismiss Pursuant to FRCP 12(b)(4), Record Doc. No. 30; (2) Defendant's (Louisiana etc.) Motion to Dismiss Pursuant to FRCP 12(b)(5), Record Doc. No. 31; (3) Defendant's (Louisiana etc.) Motion to Dismiss Pursuant to FRCP 12(b)(6), Record Doc. No. 32; (4) Defendant's (Louisiana etc.) Motion to Dismiss Pursuant to FRCP 12(b)(1), Record Doc. No. 33

O R D E R E D:

 (1) (2) : DENIED. Although the Louisiana Air National Guard is not a juridical entity capable of being sued, the misnomer has been corrected, Record Doc. No. 34, so that this defendant has now been properly identified. Service and process have both been sufficient, especially in light of the fact that actual notice has been achieved.

MJSTAR: 0 : 10

(4) : DENIED. This motion seeks dismissal for lack of subject matter jurisdiction on grounds that the Eleventh Amendment renders the moving defendant, an agency of the State of Louisiana, immune from suit in this court. The complaint alleges, among other things, that plaintiff was an employee of the state and asserts race and gender employment discrimination claims under Title VII. Record Doc. No. 1 (Complaint at ¶'s 23-30. The law is clear that Title VII employment discrimination claims against a state or its agencies are <u>not</u> barred by the Eleventh Amendment. <u>Kooros v. Nichols State University</u>, 2010 WL 2102715, *1 (5th Cir. 2010)(citing <u>Perez v. Region 20 Educ. Serv. Ctr.</u>, 307 F.3d 318, 326 n. 1 (5th Cir. 2002)("we have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII)).

(3): DENIED. In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in <u>Iqbal</u> explained that <u>Twombly</u> promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
>
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

<u>Rhodes v. Prince</u>, No. 08-10794, 2010 WL 114203, at *1-2 (5th Cir. Jan. 12, 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949, 1950; <u>Twombly</u>, 550 U.S. at 555; <u>Gonzales v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)) (citing <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996)).

Defendant's argument in its motion papers that "Plaintiff has not provided this court with <u>evidence</u> that . . . the State participated in any alleged unlawful employment practices," Record Doc. No. 32-1 at p. 4, entirely misses the point of Rule 12(b)(6). Similarly, defendant's argument that plaintiff's alleged supervisor, Steven Hawkins, was a federal

2

employee, not a State employee, because he was allegedly all of the things listed in counsel's brief, Record Doc. No. 32-1 at p. 5, can only be determined through the submission of evidence, none of which has been provided with this motion. His status as an alleged "national Guard Technician and federal employee" cannot be decided as a matter of law under the Rule 12(b)(6) standard. A Rule 12(b)(6) motion addresses the sufficiency of pleadings, not evidence. Plaintiff has clearly and sufficiently alleged that she was an employee of the State of Louisiana, through its military department, the Louisiana Air National Guard, and that her immediate supervisor was co-defendant Steven Hawkins. If the evidence does not support these allegations, it may be that the same argument, <u>supported by evidence</u>, may be successful on motion for summary judgment. On the current record, however, the pleadings state a claim upon which relief can be granted, and Rule 12(b)(6) does not present an appropriate avenue by which the case should be dismissed.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE