UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHELE A. BRADLEY | CIVIL ACTION |
| VERSUS | NO. 10-0068 |
| LOUISIANA AIR NATIONAL GUARD ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**ORDER AND REASONS ON MOTION**

This is an employment discrimination action brought by plaintiff, Michele A. Bradley, a Technical Sergeant in the Louisiana Air National Guard, against Senior Master Sergeant Steven Hawkins and the Louisiana Military Department (originally improperly named as the Louisiana Air National Guard). In her complaint, Bradley alleges that she was discriminatorily denied a promotion to Master Sergeant on the basis of her race and gender in violation of Title VII, 42 U.S.C. § 1981 and Louisiana's anti-discrimination law. She also asserts state law claims of conversion, abuse of process and malicious actions based on the same facts, and alleges that the Louisiana Military Department is vicariously liable for the tortious actions of its alleged employee, Master Sgt. Hawkins. Record Doc. No. 1, Complaint.

The court previously granted Master Sgt. Hawkins's motion to dismiss, Record Doc. No. 62, leaving the Louisiana Military Department as the only remaining defendant.

The Louisiana Military Department filed a motion for summary judgment, supported by competent evidence, which was submitted for decision on March 9, 2011 without oral argument. Record Doc. No. 63.

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion must be filed and served no later than eight days before the noticed submission date. Although plaintiff's attorney orally advised this court's staff by telephone almost two weeks ago, after the deadline had already lapsed, that he would oppose defendant's motion for summary judgment, no memorandum in opposition has ever been timely submitted, nor has plaintiff sought an extension of the deadline for filing an opposition.

Accordingly, this motion is deemed to be unopposed. Further, it appears to the court that the motion has merit. The competent summary judgment evidence submitted by the Louisiana Military Department in support of its motion shows that the Louisiana Military Department is <u>not</u> the employer of Master Sgt. Hawkins, who allegedly committed the discriminatory and tortious acts of which Bradley complains. Instead, the competent and uncontested summary judgment evidence establishes that Master Sgt. Hawkins is "a dual status National Guard technician and as such I am an employee of the [United States] Department of the Air Force pursuant to 32 U.S.C. § 709(e). . . . The plaintiff is also a National Guard technician employed pursuant to 32 U.S.C. § 709(e)."

Declaration under penalty of perjury of Master Sgt. Hawkins, Defendant's Exh. B, Record Doc. No. 63-3, at p. 1. Bradley admitted that she is a dual-status employee in her memorandum in opposition to Master Sgt. Hawkins's previously filed motion to dismiss. Record Doc. No. 58, at p. 3.

As this court has already held in granting Master Sgt. Hawkins's motion to dismiss, plaintiff is a dual-status employee of the United States Department of the Air Force, not of the Louisiana Military Department, and she has no cognizable employment discrimination claims against her military employer under Title VII, Section 1981 or state law. Order and Reasons, Record Doc. No. 62, at pp. 14-15. Furthermore, based on this record, in the absence of any evidence to sustain plaintiff's burden of proof at trial, she cannot prove that the Louisiana Military Department is vicariously liable under state law for Master Sgt. Hawkins's allegedly tortious actions because he also is not an employee of the Louisiana Military Department. "'[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the moving party." U.S. ex rel. Farmer v. City of Houston, 523 F.3d 333, 337 (5th Cir. 2008) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

In addition, as to Bradley's state law claims, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). The determination whether to exercise supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity that the Supreme Court outlined in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350-51 (1988), and United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)." Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999); accord Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 602 (5th Cir. 2009).

> The statutory considerations are whether
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Although the Fifth Circuit's

> "general rule" is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute. Thus, while

> the district court's dismissal of the [plaintiff's] federal claims provides a powerful reason to choose not to continue to exercise jurisdiction, no single factor is dispositive in this analysis.

Batiste, 179 F.3d at 227 (quotations and citations omitted); accord Brookshire Bros., 554 F.3d at 602.  The court must make its decision "in light of the specific circumstances of the case at bar." Id. (citation omitted).

In the instant case, plaintiff's federal and state law discrimination claims against all defendants have been dismissed, as have her state law tort claims based on the vicarious liability of the Louisiana Military Department.  To the extent that any other state law claims remain in the case, the factors of judicial economy, convenience, fairness and comity weigh in favor of declining supplemental jurisdiction over the claims.

First, as noted, no federal claims remain in the case.  Second, comity favors dismissing the state law claims because of Louisiana's strong interest in adjudicating the claims of its citizens brought under its own laws. Although the Fifth Circuit has not addressed the question whether the Louisiana Military Department is immune from a suit asserting state law claims in federal court under the Eleventh Amendment to the Constitution, it is likely that the Louisiana Military Department is a "'state agency or entity deemed an "alter ego" or "arm" of the state,'" which enjoys such immunity from being sued for state law causes of action, where no pendent federal claim remains. Lockett v. New Orleans City, 639 F. Supp. 2d 710, 723 & n.9 (E.D. La. 2009) (Barbier,

J.) aff'd, 607 F.3d 992 (5th Cir.), cert. denied, 131 S. Ct. 507 (2010) (quoting Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002)) (citing Bryant v. Military Dep't, 381 F. Supp. 2d 586, 591 n.6 (S.D. Miss. 2005) (quoting Knutson v. Wis. Air Nat'l Guard, 995 F.2d 765, 767 (7th Cir. 1993))).

Third, the state law claims have not been significantly addressed in this court, and judicial economy does not weigh in favor of maintaining jurisdiction. Finally, fairness and convenience are equal whether the claim is brought in state or federal court.

"Unadjudicated pendant [sic] state law claims must be dismissed without prejudice to allow the plaintiff to refile in state court when a district court dismisses the federal claims serving as the basis for its jurisdiction and elects not to exercise supplemental jurisdiction over the state law claims." Brown v. Miss. Valley State Univ., 311 F.3d 328, 334 n.6 (5th Cir. 2002) (citing Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999)); accord Johnson v. Tex. Bd. of Crim. Justice, No. 07-20396, 2008 WL 5069357, at *2 (5th Cir. Dec. 2, 2008). Therefore, plaintiff's state law tort claims will be dismissed without prejudice.

Accordingly, **IT IS ORDERED** that the Louisiana Military Department's motion for summary judgment is GRANTED as unopposed and that plaintiff's employment discrimination claims against this defendant under Title VII, 42 U.S.C. § 1981 and state anti-discrimination law, and her claims against this defendant of vicarious liability for

the actions of Master Sgt. Hawkins under state tort law, are DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that, to the extent that plaintiff asserts any other state law claims, those claims are DISMISSED WITHOUT PREJUDICE.

Through this court's rulings on two separate dispositive motions, all defendants and claims have been dismissed. Judgment will be entered accordingly.

New Orleans, Louisiana, this \_\_\_15th\_\_\_ day of March, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE